# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOY HOLLING-FRY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07-0092-CV-W-DGK |
| COVENTRY HEALTH CARE OF KANSAS, INC., | ) |
| Defendant. | ) |

## ORDER GRANTING CLASS CERTIFICATION

Pending before the Court is Plaintiff Joy Holling-Fry's ("Holling-Fry") Motion for Class Certification (Doc. 79). For the reasons discussed below, Plaintiff's Motion is GRANTED IN PART.

## Background

Defendant Coventry Health Care of Kansas, Inc. ("Coventry") is a health management organization ("HMO") incorporated in Kansas and registered to do business in Missouri. Holling-Fry was a member of a Coventry HMO Plan offered through her husband's employer for three months in early 2004, and then from February 2005 through December 2008. She is not currently a member of an HMO plan offered by any Coventry entity. She seeks to represent a class constituting "[a]ll individuals who were enrolled in Defendant's HMO plans in which defendant has required a co-payment on prescription medication that exceeds 50% of the cost of the medication."

The merits of this lawsuit have been partially addressed. On September 3, 2009, the Court granted partial summary judgment to Plaintiff, applying certain holdings in Judge Mummert's order in *Vermiglio v. Group Health Plan, Inc.*, 4:07-CV-00282-TCM, to the issues in this case and holding that Coventry's practice of requiring a co-payment on prescription medication that exceeded 50% of

the cost of the medication at the point of service, but later refunding that money to customers, violated section 400-7.100 of the Missouri Code of State Regulation.

## Standard

Rule 23 of the Federal Rules of Civil Procedure governs class certification. A party seeking class certification must satisfy all of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). Under 23(a) class certification is appropriate when "(1) the class is so numerous that joinder of all members is impracticable…(2) there are questions of law or fact common to the class…(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The requirements are typically summarized as numerosity, commonality, typicality and adequacy. *In re Constar Int'l Inc. Sec. Litig.,* 585 F.3d 774, 780 (3d Cir. 2009). Additionally, Rule 23(b) requires a party seeking class certification to show that

> "(1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications *or* would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b) (emphasis added). A finding under part (3) may be based on "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the

extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

In addition to these explicit requirements, Rule 23 also implicitly requires that a class exist, that the proposed representative be a member of the class, and that the proposed class be "ascertainable or identifiable" and "administratively manageable." *Dumas v. Albers Med., Inc.,* No. 03-0640-CV-W-GAF, 2005 WL 2172030, at *5, n.7 (W.D. Mo. Sept. 7, 2005); *see also In re Paxil Litig.,* 212 F.R.D. 539, 546 (C.D. Calif. 2003) (holding that certification not appropriate where proposed representatives "have not met their burden of defining proper classes" due to an inability of class members to be determined until late in the litigation).

District courts must engage in a "rigorous analysis" in determining whether the 23(a) factors are satisfied, *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). But the decision whether or not to certify a class is not a reflection of the merits of the case. *Elizabeth M. v. Montenez,* 458 F.3d 779, 786 (8th Cir. 2006).

## Discussion

**A.     The Rule 23(a) factors are satisfied.**

As discussed previously, the requirements of 23(a) can be summarized as numerosity, commonality, typicality and adequacy. The Court considers each in turn.

### 1.     Numerosity

There is not a magic number to satisfy the numerosity requirement, the putative class must simply be so numerous that joinder of all class members is impractical. *In re St. Jude Med., Inc.,* 425 F.3d 1116, 1119 (8th Cir. 2005). Defendant does not contest numerosity, and the Court notes

that Coventry has tens of thousands of enrollees in its HMO plans that offer prescription medication, thus Plaintiff's estimate that the number of class members is in the thousands is certainly correct. This fact, combined with the difficulties of locating and joining the potential members, is enough for Plaintiff to carry her burden of showing numerosity.

### 2. Commonality

Commonality does not require complete uniformity of all legal and factual questions. Rather, the commonality requirement of 23(a) "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (quotations omitted). One common legal question between all potential class members in this litigation is whether requiring a co-payment on prescription medication that exceeds 50% of the cost of the medication violates Missouri regulations. This key question clearly satisfies the standard explicated in *DeBoer*.

### 3. Typicality

Typicality is similar to commonality, but deals with the named plaintiff specifically, rather than the entire class generally. "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *Id.* In this case, Plaintiff's claims are typical to the entire potential class since they concern charging a co-payment on prescription medication that exceeds 50% of the cost of the medication. Plaintiff satisfies the typicality requirement.

### 4. Adequacy

The final 23(a) requirement, adequacy, is contested by Defendant. The purpose of ensuring that the named plaintiff will adequately represent the class is "to uncover conflicts of interest

4

between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625 (1997). In order to satisfy 23(a)(4)'s adequacy requirement, the named plaintiff must be "part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625-26 (quotations omitted); *see also U.S. Fidelity & Guar. Co. v. Lord,* 585 F.2d 860, 873 (8th Cir. 1978) (noting that the adequacy of the named plaintiff is about determining whether his or her interests are "antagonistic to those of class"). In addition to the requirement of the adequacy of the Plaintiff herself, the Court must determine whether Plaintiff's counsel is adequate. *U.S. Fidelity,* 585 F.2d at 873. Defendant contests Plaintiff's adequacy, but does not contest class counsel's abilities. In the absence of evidence to the contrary, the Court assumes that class counsel is adequate. *Morgan v. United Parcel Svc. of Am., Inc.,* 169 F.R.D. 349, 357 (E.D. Mo. 1996).

As to Plaintiff Holling-Fry's adequacy to represent the class, Defendant alleges that she does not have standing to seek injunctive relief because she is no longer a member of any Coventry plan. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983) (demonstrating necessity of future harm for equitable standing). As a consequence, Defendant argues, this renders her an inadequate class representative as to injunctive relief. *See In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 436 (8th Cir. 1999) ("Because [the named plaintiff's] individual claim was properly dismissed for lack of standing, it was not a member of the class and could not represent the class. Because [the named plaintiff] was the only remaining named plaintiff, the class…could not have been properly certified."); *see also Chimeleski v. City Prods. Corp.,* 71 F.R.D. 118, 153 (W.D. Mo. 1976) (noting that the fact that the certain plaintiffs were not "members of any class or subclass in the requests for injunctive relief" rendered them unable to represent that part of the class). Holling-Fry concedes that this is the general rule, but argues that the termination of her relationship with Defendant does

5

not necessarily destroy her standing to pursue injunctive relief. In support of this position she cites Missouri's contract statute of limitations of 10 years for the possibility that Defendant could still seek coinsurance and copayments for prior services, and should be enjoined from doing so. While it may be true that Plaintiff is exposed to future charges, this possibility seems parallel to the argument that Supreme Court rejected in *City of Los Angeles v. Lyons*. *Lyons,* 461 U.S. at 105-06 (holding that plaintiff had to show that "*all* [LAPD officers] *always* choke any citizen with whom they happen to have an encounter…" in order to have injunctive standing) (emphasis in original). The Supreme Court has repeatedly reaffirmed the *Lyons* holding that subjective fear of future illegal conduct is insufficient to grant injunctive standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Svcs., Inc.,* 528 U.S. 167, 184 (2000) (citing *Lyons,* 461 U.S. at 107 n.7), *Summers v. Earth Island Inst.,* 129 S. Ct. 1142, 1149 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; *the threat must be actual and imminent, not conjectural or hypothetical…*") (emphasis added); *McConnell v. Fed. Election Comm'n,* 540 U.S. 93, 226 (2003), *overruled on other grounds by Citizens United v. Fed. Election Comm'n,* 130 S. Ct. 876 (2010). Based on *Lyons*, Plaintiff's concern of future harm is insufficient for injunctive standing, as she presents nothing to indicate that this fear is anything more that "conjectural or hypothetical." While the Court finds that Plaintiff does not have standing to seek injunctive relief, this does not affect her adequacy to pursue damages, which Defendant does not contest. *See Bird Hotel Corp. v. Super 8 Motels, Inc.,* 246 F.R.D. 603, 607 (D.S.D. 2007) (finding adequacy argument based on plaintiff's lack of injunctive standing moot because "money damages would adequately compensate all class members…").

To summarize, the Court holds that Plaintiff is an adequate class representative for the class members' damages claims, but not an adequate class representative to seek injunctive or declaratory relief.

**B.     The class should be certified under rule 23(b)(3).**

Plaintiff seeks to certify this class pursuant to all three 23(b) subsections. Because 23(b)(3) should only be used as an alternative to 23(b)(1) and (2) "in order to avoid inconsistent adjudication or a compromise of class interests," *Reynolds v. Nat'l Football League,* 584 F.2d 280, 284 (8th Cir. 1978), the Court will first consider Plaintiff's arguments for certification under 23(b)(1) and (2).

   **1.     23(b)(1)**

Rule 23(b)(1) requires that there be a risk that trying the class members' actions separately would lead to "inconsistent or varying adjudications…[and] incompatible standards of conduct for the party opposing the class." Plaintiff argues that this is met by the fact that the one court might rule "that the Defendant interfered with Plaintiff's rights, while in another suit a court could reach the opposite conclusion. . . . In the future, Defendant could not simultaneously adhere to both standards of conduct." (Memo. at 11-12.) It is clear to the Court that the sheer number of potential plaintiffs satisfies the threshold requirement of 23(b)(1), dealing with the risk of inconsistent adjudications, but the incompatibility requirement remains. "Although individual lawsuits might end with different results, this does not justify certification of the class." *Smith v. Brown & Williamson Tobacco Corp.,* 174 F.R.D. 90, 99 (W.D. Mo. 1997). Furthermore, regarding damages, even if individual cases reached different results, there is nothing *incompatible* about paying one plaintiff and not another, depending on who wins which suits. *See, e.g., Johnson v. Geico Cas. Co.,* 673 F. Supp. 2d 255, 270 (D. Del. 2009) ("Certification under Rule 23(b)(1)(A) is generally

7

inappropriate where the primary relief sought is monetary damages."). The Court has already determined that Plaintiff only has standing to seek damages, and 23(b)(1)(A) incompatibility is unavailable for legal damages. Plaintiff does not argue for certification under 23(b)(1)(B). For these reasons, certification under Rule 23(b)(1) is inappropriate.

### 2. 23(b)(2)

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Plaintiff argues that Defendant's practice of charging a co-payment on prescription medication that exceeds 50% of the cost of the medication qualifies, as this practice was applied generally to its members. As the language suggests, this rule contemplates preventing actions of class defendants, rather than money damages. *See St. Jude,* 425 F.3d at 1121 (noting that 23(b)(2) certification is appropriate "only when the primary relief sought is declaratory or injunctive"); *see also Smith,* 174 F.R.D. at 100 (noting that money damages in a 23(b)(2) class must be "merely incidental" to equitable remedies). Since the Court has found that Plaintiff does not have standing to pursue injunctive relief, certification under 23(b)(2) is inappropriate.

### 2. 23(b)(3)

This leaves Plaintiff to rely on 23(b)(3) for certification, which requires that the Court find that common issues predominate over individual ones and that a class action is the superior method of adjudicating the case. In making this determination the Court should consider, among other issues, class members' interests in separate actions, existence of other litigation involving the class, desirability of concentrating the litigation in one forum, and the manageability of the class. Fed. R. Civ. P. 23(b)(3)(A)-(D). The predominance requirement is met if "there [is] generalized evidence

8

which proves or disproves an element on a simultaneous, class-wide basis, obviat[ing] the need to examine such class member's individual position." *In re Potash Antitrust Litig.,* 159 F.R.D. 682, 693 (D. Minn. 1995).

Defendant argues that individualized issues of damages will render the case unmanageable, but does not argue that damages defeat predominance. Whether the putative class members have been damaged, that is, charged a copayment for prescription medication in excess of that authorized by law, is easily determined on a class-wide basis by generalized evidence showing how Defendant applied the regulation to the class as a whole. While determining the amount of each class member's damages will require a more individualized inquiry, the data for this calculation is readily available as demonstrated by the deposition of Defendant's corporate representative (*see* doc. 89-1, p. 28-30), thus the proceedings will not be rendered unmanageable. Numerous courts have recognized that damages are inherently individualized and do not present a major obstacle to certification. *See, e.g., In re Workers' Compensation,* 130 F.R.D. 99, 110 (D. Minn. 1990) (noting that individualized damages issues "are rarely a barrier to certification").

As to superiority, Defendant argues that "the inherently individual nature of the claims at issue" should weigh against a finding of superiority. Defendant essentially repeats its contention, which the Court has already rejected, that individual damages preclude a finding of predominance. Defendant also argues that ERISA's attorney's fees provision weighs against a finding of superiority since the fee provision allows a plaintiff to bring suit on a relatively small claim.

These arguments are not persuasive. The fact that ERISA's attorney's fees provisions are discretionary for both parties under 29 U.S.C. § 1132(g)(1), effectively discourages a plaintiff from filing suit on a small claim. While theoretically a successful plaintiff has the same chance of

9

recovering her attorney's fees as a successful defendant, the cost-benefit analysis is such that as a practical matter no rational plaintiff would bring an individual claim for a small sum if she risked being liable for tens of thousands of dollars in attorney's fees in the event she lost. The Court also notes that no class members have brought individual claims. Given the often relatively small nature of the claims, the likelihood that class members have a strong interest in controlling the prosecution of separate actions is also unlikely. This is supported by the fact that there are no competing individual claims.[1] Furthermore, considering that this case is brought under both state and federal law, the Court finds that it is desirable to concentrate all the potential litigation in this forum.

In sum, the Court finds that the stated factors in Rule 23(b)(3) weigh in favor of a finding of superiority.

**C.     The proposed class is administratively manageable and ascertainable.**

Turning to the implied requirements of Rule 23, the Court finds that the position of this case, with the merits having been partially decided and there being a limited number of issues left to adjudicate, indicates that any manageability concerns will be greatly reduced.

Some of Defendant's concerns over the ascertainableness of the class, however, are well taken. Plaintiff's proposed class definition of "[a]ll individuals who were enrolled in Defendant's HMO plans in which defendant has required a co-payment on prescription medication that exceeds 50% of the cost of the medication" is overbroad in that it lacks a time frame and arguably applies to Coventry's Kansas HMO plans, which are not subject to the Missouri copay regulation at issue here. While inartful, these deficiencies are not fatal to class certification and can be cured by editing the

---

[1] The Court does not consider the existence of a nearly identical class action filed by the same potential class counsel, *Casey v. Coventry Healthcare of Kansas, Inc.*, No. 4:08-cv-00201-DGK, to be a factor in this determination.

class definition. A time frame can easily be identified. Holling-Fry's claim and the claims of all the class members stem from a violation of 20 C.S.R. § 400-7.100 which became effective May 30, 1998. Thus an appropriate starting period for the class would be May 30, 1998. Although this lawsuit was originally filed more than eight years later, on December 26, 2006,[2] there is no statute of limitations problem because this action arises under ERISA, and a ten year statute of limitations applies to ERISA claims brought in a federal court located in Missouri.[3] Thus every possible class members' claim was brought within the applicable time limit. Similarly the concern that the class would cover Defendant's Kansas' plans can be addressed by revising the class definition to make clear that it only applies to individuals enrolled in Defendant's Missouri HMO plans.

The Court finds no merit in Defendant's argument that the definition is improper because it requires an initial inquiry in order to ascertain the class members' identity. Although Plaintiff's proposed definition was somewhat overbroad in that it did not explicitly restrict the class to individuals who actually *paid* a copay in excess of what was permitted by the regulation, this is easily cured by amending the definition. The fact that at some point the class members may have to produce a receipt, or that the Defendant might have to comb through its records to provide a list of persons who paid an excessive copay, does not mean the class is not ascertainable. *See Hammer v. JP's Sw. Foods, L.L.C.,* 08-0339-CV-W-FJG, 2010 WL 1006235, at *6 (W.D. Mo. March 16, 2010) (holding class defined as individuals whom Defendants provided an electronically printed receipt on

---

[2] Plaintiff's assertion that, "The instant case was originally filed in 2008" is obviously an error, apparently the result of cutting and pasting large sections of its brief in a companion case, *Casey v. Coventry Healthcare of Kansas, Inc.*, No. 4:08-cv-00201-DGK, into its brief in this case.

[3] ERISA does not specify a statute of limitations; it looks to state law governing contract actions to provide the applicable statute of limitations. *Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 829-30 (8th Cir. 2000). The Eighth Circuit has held that the most analogous statute of limitations under Missouri law for a claim for ERISA benefits is ten years pursuant to Mo. Rev. Stat. § 516.110(1). *Harris v. The Epoch Group, L.C.*, 357 F.3d

which more than the last five digits of their credit card was printed was an objectively ascertainable class). Additionally, if the problem of ascertainability arises during the litigation, the class definition can be amended pursuant to Rule 23(c)(1)(B)-(C). *Id*.

In light of the above the Court finds the following class is sufficiently defined for purposes of certification: All individuals who were enrolled in Defendant's Missouri HMO plans since May 30, 1998 who paid a copay for prescription medication that exceeded 50% of the cost of the medication.

**Conclusion**

Plaintiff's Motion for certification is hereby GRANTED IN PART. Rule 23(a) is satisfied and certification is appropriate under Rule 23(b)(3) as to the claim for damages only. The class is defined as follows: All individuals who were enrolled in Defendant's Missouri HMO plans since May 30, 1998 who paid a copay for prescription medication that exceeded 50% of the cost of the medication.

Plaintiff's attorneys of record, McGonagle Spencer, LLC and Ralph K. Phalen, are appointed class counsel with Ralph K. Phalen and David J. Spencer appointed as lead counsel.

Within 21 days of this order, the parties shall meet and confer and file a joint plan regarding 23(c)(2)(B) class notice.

**IT IS SO ORDERED.**

Date: September 10, 2010

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

822, 825 (8th Cir. 2004) (citing *Johnson v. State Mut. Life Assurance*, 942 F.2d 1260, 1266 (8th Cir. 1991) (en banc)).