# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOY HOLLING-FRY,<br>on behalf of herself and all others<br>similarly situated,<br>                Plaintiff,<br><br>v.<br><br>COVENTRY HEALTHCARE OF<br>KANSAS, INC.,<br>                Defendant. | Case No. 07-0092-CV-W-DGK |

## SUMMARY JUDGMENT ORDER

This ERISA class-action lawsuit concerns the interpretation of a Missouri insurance regulation which prohibits an HMO from charging co-payments in excess of 50% percent of the cost of any single service. On September 3, 2009, the Court held that the regulation applied to prescription drugs. On September 10, 2010, the Court certified a class consisting of all individuals who were enrolled in Defendant Coventry's Missouri HMO plans since May 30, 1998, who paid a copay for prescription medication that exceeded 50% of the cost of the medication. The Court named Plaintiff Joy Holling-Fry, a former plan member who was allegedly charged a co-pay in violation of the regulation, as the class representative.

Presently before the Court is Coventry's Motion for Summary Judgment (doc. 98). Coventry argues that its interpretation that prescription drugs covered by the Plaintiffs' plans are not subject to a 50% copayment limitation was not an abuse of discretion, thus it is entitled to summary judgment on this claim. It also argues its method of reimbursing members complies with the plan's term, and that Plaintiff has no standing to bring a claim for future injunctive relief. Finding that Defendant's interpretation of the 50% copayment limitation provision was an

abuse of discretion, but that Plaintiffs' have conceded the reimbursement and injunctive relief issues, Coventry's Motion is GRANTED IN PART.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Facts

Viewing the evidence in the light most favorable to the Plaintiffs, for purposes of resolving the pending motion the Court finds the facts to be as follows. Controverted facts, facts immaterial to the resolution of the pending motion, facts not properly supported by the record,

and legal conclusions have been omitted. Also omitted are facts relating to legal issues the Court has previously resolved, for example, whether Missouri Copayment Regulation 20 CSR 400-7.100 applies to prescription drugs.

Defendant Coventry Health Care of Kansas, Inc. is a health maintenance organization ("HMO") licensed to operate in the State of Missouri. Plaintiff Joy Holling-Fry formerly received health insurance through an HMO plan offered by Coventry through her husband's employer. Holling-Fry was covered under a Coventry HMO plan from January 26, 2004 through March 31, 2004, and from February 21, 2005 through December 31, 2008, but has not been a member of a Coventry plan since 2008.

The Evidence of Coverage ("EOC") is the plan document which explains the terms and conditions of the Coventry HMO plan to the members of that plan. Section 2.10 of the EOC applicable to Plaintiff's HMO plan from February 21, 2005 through December 31, 2006[1] is titled "Copayments and Coinsurance and Deductibles." It describes the plan's limitations on the out-of-pocket amounts (i.e., copayment and coinsurance amounts) to be borne by the plan members. In pertinent part it states:

> For Missouri-based Employer Groups, **the Copayment and Coinsurance for a single service will not exceed fifty percent (50%) of the Plan's allowed cost of providing a single Basic Health Service**, nor in the annual aggregate more than twenty percent (20%) of the allowed total cost of providing all Basic Health Services, which will not exceed two hundred percent (200%) of the total annual Premium.

This language was modeled on the language of the Missouri Copayment Regulation 20 CSR 400-7.100 ("the Regulation"). The Regulation provides in relevant part that:

> An HMO may not impose copayment charges that exceed fifty percent (50%) of the total cost of providing any single service to its

---
[1] The EOCs applicable to Plaintiff's 2007 and 2008 plans contain substantially similar provisions.

>enrollees, nor in the aggregate more than twenty percent (20%) of
>the total cost of providing all basic health services.

20 CSR 400-7.100. Section 1.13 of the EOC, however, defines "Basic Health Services" to exclude prescription drugs, a discrepancy which gives rise to the dispute between the parties.

Coventry's HMO plans work as follows. At the time of service ("point of service"), each HMO member is required to pay the copayment set forth in the Schedule of Benefits. Each member's copayment amount is listed on the member's ID card. Coventry conducts a monthly review of all HMO basic health service claims, to determine if any HMO member may have incurred a copayment exceeding 50% of the cost of a single basic health service. Coventry conducts this review at the end of each calendar month, encompassing HMO basic health service claims with dates of service within that month. Coventry claims that if any HMO member has incurred a copayment exceeding 50% of the cost of a single basic health service, it sends that member a check as a refund for the excess copayment. Whether Coventry has followed this procedure with respect to every check sent to Plaintiff Holling-Fry is in dispute. The refund checks do not include interest.

The procedural history of this lawsuit is also relevant to the pending motion. Coventry removed the case to this Court on February 2, 2007, and then filed a motion to dismiss. Plaintiff subsequently filed a motion to remand. On May 5, 2007, the Court[2] held that Plaintiff's common law claims were preempted by ERISA, but instead of dismissing the Complaint, the Court ordered that Plaintiff be allowed to amend her Complaint to assert claims arising under ERISA, which she subsequently did. This ruling was consistent with a ruling by Judge Gary Fenner in a similar case (*Norem v. Aetna Health Inc.*, case no. 06-1007-CV-W-GAF) also involving Plaintiff's counsel, wherein Judge Fenner ruled that the plaintiff's claims asserting a violation of

---

[2] At the time the case was before the Honorable Ortrie D. Smith, U.S. District Court Judge for the Western District of Missouri.

the Regulation fell "within the scope of ERISA . . ." In denying Coventry's motion to dismiss the Court also ruled that the plan administrator has no discretion in determining whether Coventry was violating a Missouri regulation by charging too high a payment.

On October 26, 2007, the parties filed a stipulation in which they agreed that the legal issues in this case were identical to those in a case then pending in the Eastern District of Missouri, *Vermiglio v. Group Health Plan, Inc.*, 4:07-CV-00282-TCM. The parties agreed that "the potential applicability of 20 C.S.R. 400-7.100 (the Missouri co-payment regulation) to a managed care organization's imposition of co-payments for pharmaceutical drugs" was a "key legal issue in both cases." The parties stipulated that the *Vermiglio* court's summary judgment ruling on this issue would also be "controlling for the present action before this Court."

The *Vermiglio* court issued its ruling on September 24, 2008. It held that the Missouri Department of Insurance, Financial Institutions & Professional Registration ("DIFP"),[3] had not determined whether Missouri's copay rule applied to HMO prescription drug benefits, and, after meticulously analyzing and interpreting the relevant statutes and regulations, held that "the 50% copayment cap applies under the Missouri regulation to [defendant's] prescription drug rider and that this cap applies at the point of service."

Shortly after the *Vermiglio* court issued its ruling, the defendant in that case, a sister company of Coventry, asked the acting director of the DIFP to write a letter to the presiding judge. On October 30, 2008 the acting director wrote a letter asserting that it was the department's position that Missouri's copay rule was not applicable to HMO prescription drug benefits. There is no evidence that the letter was written following any notice and comment period.

---

[3] The Missouri Department of Insurance, Financial Institutions & Professional Registration is the state agency responsible for regulating health insurance companies operating in the State of Missouri.

On September 3, 2009, this Court applied the *Vermiglio* summary judgment ruling to this case via the parties' stipulation and held that the Regulation applies to prescription drugs. The Court also held that, "the *Vermiglio* Order clearly holds that the Regulation applies to prescription drugs, and this Court agrees that this is the better view."

On September 10, 2010, the Court certified a class consisting of all individuals who were enrolled in Coventry's Missouri HMO plans since May 30, 1998, who paid a copay for prescription medication that exceeded 50% of the cost of the medication.

## Discussion

**I.      The class is entitled to relief under the terms of Coventry's Missouri HMO plans.**

**A.      The lawsuit may be brought under ERISA to enforce plan language incorporating the Regulation.**

Coventry argues that the state regulation does not create a private right of action, and that the class cannot bring or maintain a lawsuit on the basis of the regulation. There is no merit to this argument.

This lawsuit is not brought to enforce the regulation but to enforce Plaintiffs' rights to benefits under the plan. The Regulation is implicated in this case because Coventry has incorporated the Regulation into the plan, thus Plaintiffs' claims may be brought under ERISA. *Wills v. Regence Bluecross Blueshield of Utah*, No. 2:07-CV-616BSJ, 2008 WL 4693581, at *5-6 (D. Utah Oct. 23, 2008).

**B.      Coventry's error of law in interpreting the Regulation was an abuse of discretion.**

Coventry argues that its decision interpreting the plan language as excluding the 50% copayment cap from the purchase of prescription medication should be reviewed under the

6

highly-deferential abuse of discretion standard, and that Plaintiffs cannot meet their burden of showing Coventry abused its discretion. Again, there is no merit to this argument.

Assuming for the sake of argument that Coventry's decision should be reviewed under an abuse of discretion standard, Coventry would still not be entitled to summary judgment because its determination that prescription drugs are not subject to the 50% copayment limitation is an error of law. As previously discussed the Court has embraced the ruling in *Vermiglio* that "the 50% copayment cap applies under the Missouri regulation to [defendant's] prescription drug rider and that this cap applies at the point of service." The parties also stipulated that this ruling would be binding on them in this litigation. Consequently Coventry's belief that prescription drugs covered under its HMO plans are not subject to a 50% copayment limitation is an error of law, and an error of law by a plan administrator constitutes an abuse of discretion. *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 960-61 (9th Cir. 2001). Therefore Coventry is not entitled to summary judgment on this claim.

**C.  Coventry is entitled to summary judgment on the reimbursement issue.**

In its initial Suggestions in Support Coventry argues that its method of reimbursing plan members for copayment amounts that exceed 50% of the total cost complies with the terms of its HMO plan. Plaintiffs' does not dispute this; indeed, Plaintiffs' response does not even address the reimbursement issue. Accordingly, Coventry is entitled to summary judgment on this issue.

**II. Injunctive relief is no longer an issue in this case because Plaintiff Joy Holling-Fry is not an adequate class representative to litigate this issue.**

Coventry also argues that Plaintiff Joy Holling-Fry lacks standing to assert various claims for equitable relief. In its September 10, 2010, Order granting class certification the Court held that Holling-Fry is an adequate class representative for the class members' damages' claims, but

lacks standing to be an adequate class representative for claims seeking injunctive or declaratory relief. Noting the Court's previous ruling, Plaintiffs' counsel concedes that injunctive relief is no longer an issue in this case.

Joy Holling-Fry's claims for injunctive relief are dismissed with prejudice. All other class members' claims for injunctive relief are dismissed without prejudice.

## Conclusion

Coventry's Motion for Summary Judgment (doc. 98) is GRANTED IN PART. The Court holds Coventry's interpretation of the Regulation and plan language was an abuse of discretion, but Coventry is entitled to summary judgment on the reimbursement issue. The Court reiterates that Joy Holling-Fry is not an adequate class representative on any claim for injunctive relief. Her claims for injunctive relief are dismissed with prejudice; all other class members' claims for injunctive relief are dismissed without prejudice.

**IT IS SO ORDERED.**

Date:   November 23, 2010                       /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT