**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JOY HOLLING-FRY, )<br>on behalf of herself and all others )<br>similarly situated, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>COVENTRY HEALTHCARE OF )<br>KANSAS, INC., )<br>)<br>        Defendant. ) | Case No. 07-0092-CV-W-DGK |

## **FINAL ORDER REGARDING CLASS CERTIFICATION NOTICE**

Now before the Court is the parties' Joint Response to the Court's April 18, 2011 Order regarding the proposed class notice (doc. 134). The Court now rules as follows:

1. The end-date for the class period is October 31, 2010.

2. The class administrator for the distribution of class notice and the processing of opt-out responses shall be Dahl, Inc.

3. The schedule for distribution of the class notice and opt-outs shall be as follows:

   a) The Court is issuing its order containing the final version of the class notice contemporaneously with this order. The class administrator shall print and distribute the notice to class members on or before June 16, 2011.

   b) To exclude themselves from the class, class members must return their opt-out form by August 1, 2011.

   c) The class administrator shall process any opt-outs and submit a report to the Court and the parties by August 22, 2011.

4.  The trial will begin November 1, 2011.  A final pretrial conference will be held by phone on September 27, 2011 at 10:00 a.m.  Lead trial counsel for both parties must participate in this conference.

5.  The trial will be used to try the individual claims asserted by Plaintiff, prove class wide damages, prove the amount of class wide damages, and address any legal question common to the class not related to Defendant's liability concerning whether 20 CSR 400-7.100 (the "copay regulation") applies to prescription drugs.  There will be no subsequent trial to address individual class members' claims.

On or before June 1, 2011, Defendant shall file a brief identifying in detail (1) any legal question common to the class not related to its liability under the copay regulation that Defendant believes remain outstanding and should be addressed at trial, (2) any evidence it proposes to present at trial relating to those legal questions, (3) any affirmative defense it proposes to present with respect to Plaintiff's claim, and (4) any evidence it proposes to present at trial on behalf of its affirmative defense.  This brief shall not exceed fifteen pages.  Plaintiff shall then have twenty-one days to file a response, and Plaintiff's brief shall not exceed fifteen pages.  Defendant shall then have fourteen days to file any reply, and the reply shall not exceed seven pages.  After reviewing the briefs the Court will determine what, if any, legal questions common to the class remain outstanding and will be addressed at trial, and what, if any, affirmative defenses remain outstanding and will be presented at trial.

**IT IS SO ORDERED.**

Date:  May 11, 2011                                   /s/ Greg Kays
                                                                  GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT