IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOY HOLLING-FRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-0092-CV-W-DGK |
| | ) | |
| COVENTRY HEALTH CARE OF | ) | |
| KANSAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE***

Pending before the Court is Plaintiffs' motion *in limine* (doc. 118) to exclude evidence regarding an alleged interpretation of 20 CSR 400-7.100 ("the copay regulation") by the Missouri Department of Insurance, Financial Institutions and Professional Registrations ("DIFP"). Plaintiff argues evidence of any interpretation of the copay regulation by DIFP is irrelevant because Defendant agreed to be bound by the *Vermiglio* court's interpretation of the regulation and because any interpretation of the regulation has not been subject to notice and comment. Defendant argues the Court should hear the evidence because this is a judge tried case, and the Court can decide what, if any, weight to give it. Defendant also contends the evidence is relevant to the issues of agency deference and Plaintiffs' request for equitable relief.

Because Defendant agreed to be bound by the *Vermiglio* court's ruling on this issue, which was that the 50% copayment cap applies under the Missouri regulation to Defendant's prescription drug rider, and that this cap applies at the point of service, the Court holds Defendant should be bound by this ruling.

Plaintiffs' motion in limine is GRANTED. Evidence of any alternate interpretation of the copay regulation by DIFP shall be excluded.

**IT IS SO ORDERED.**

Date: September 27, 2011                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT