# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| JOY HOLLING-FRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 07-0092-CV-W-DGK |
| | ) | |
| COVENTRY HEALTH CARE OF KANSAS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED STIPULATION OF SETTLEMENT AND RELEASE

The parties hereto, by and through their respective counsel, in consideration for and subject to the promises, terms and conditions contained in this Amended Stipulation of Settlement and Release, hereby stipulate and agree, subject to Court approval pursuant to Federal Rule of Civil Procedure 23, as follows:

### RECITALS

WHEREAS, on December 26, 2006, Plaintiff Joy Holling-Fry ("Plaintiff") initiated this class action lawsuit against Coventry Health Care of Kansas, Inc. ("Coventry") on behalf of herself and others who are or have been participants or beneficiaries in medical benefits plans governed by the Employee Retirement Income Security Act ("ERISA") and through which they were enrolled in Health Maintenance Organizations ("HMOs") administered by Coventry, alleging that Coventry violated 20 Mo. C.S.R. 400-7.100 (the "Copayment Regulation") by failing to apply a 50% limit on copayments for prescription drugs;

WHEREAS, on January 6, 2010, Plaintiff filed a Second Amended Complaint against

1

Coventry;

WHEREAS, on September 10, 2010, the Court entered an order partially granting Plaintiff's motion for class certification;

WHEREAS, Plaintiff, by and through her counsel, has conducted an extensive investigation into the facts and law relating to the matters alleged in the Action, as that term is defined below;

WHEREAS, this Amended Stipulation of Settlement and Release was reached as a result of extensive arm's length negotiations between counsel for Plaintiff and counsel for Coventry;

WHEREAS, the parties previously agreed to a settlement of this Action and submitted it to the Court for approval, but the Court did not grant preliminary approval of the original settlement and raised various concerns over certain aspects of the original settlement. The parties, through a mediation conducted by Magistrate Judge John T. Maughmer, reached this Amended Settlement to address the concerns raised by the Court. The total value of the Amended Settlement (inclusive of class member payments, attorney's fees and expenses, class administration costs, and an incentive fee for the class representative) exceeds $3.3 million;

WHEREAS, counsel for Plaintiff have considered that, if the claims asserted in the Action are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, involve highly complex legal and factual issues relating to class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation. Specifically, counsel for Plaintiff and Plaintiff recognize that these substantial risks include, but are not limited to, the possibility that an appellate court could: (1) determine that the Copayment Regulation does not apply to prescription drugs; or (2) overturn the class certification order. If either of those scenarios

2

occurred, the class members would receive nothing. Additionally, if the Court, after trial, or an appellate court, determined that each member is required to prove their individual damages as a prerequisite to liability or to receive compensation, such a finding would jeopardize any award to a significant portion of the class members. In light of these factors, counsel for Plaintiff and Plaintiff have concluded that it is desirable and in the best interests of Plaintiff and the Settlement Class (defined below) to settle the claims that were or could have been asserted in the Action at this time upon the terms set forth in this Amended Stipulation of Settlement;

WHEREAS, counsel for Plaintiff and Plaintiff have concluded that the settlement embodied in this Amended Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, Coventry has vigorously denied and continues to deny vigorously all of the claims and contentions alleged in the Action, denies any wrongdoing and denies any liability to Plaintiff or any members of the Settlement Class. Coventry has also considered the risks and potential costs of continued litigation, on the one hand, and the benefits of the proposed settlement, on the other hand, and desires to settle the Action upon the terms and conditions set forth in this Amended Stipulation of Settlement to avoid the expense of further litigation;

WHEREAS, Coventry has agreed to class action treatment of the claims alleged in the Action solely for the purpose of effecting the compromise and settlement of those claims on a class basis as set forth herein; and

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between the parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after a hearing or hearings as provided for in this Amended Stipulation of Settlement; and (b) upon such approval by the

3

Court, a Final Order, substantially in the form attached hereto as Exhibit "A," all upon the following terms and conditions.

## II.    TERMS

### A.    Definitions.

1.    "Action" means the *Holling-Fry* action before this Court captioned as *Holling-Fry v. Coventry Healthcare of Kansas, Inc.*, Case No. 07-0092-CV-W-DGK.

2.    "Class Counsel" shall mean David Spencer and Gerald McGonagle of McGonagle Spencer, LLC and Ralph Phalen of The Law Offices of Ralph K. Phalen.

3.    "Court" means the United States District Court for the Western District of Missouri and the Judge assigned to the Action.

4.    "Defense Counsel" means the law firm of Husch Blackwell LLP.

5.    "Effective Date" means the date on which the Final Order (defined below) in the Action becomes "Final." As used in this Amended Stipulation of Settlement and Release, "Final" means three (3) business days after all of the following conditions have been satisfied:

(a)    the Court has entered the Final Order; and

(b)(i)    if reconsideration and/or appellate review is not sought from the Final Order, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

(b)(ii)    if reconsideration and/or appellate review is sought from the Final Order; (A) the date on which the Final Order is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or

4

denied and the Final Order is no longer subject to judicial review.

6. "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order (defined below) and after the Notice Date (as defined below) for purposes of: (a) entering the Final Order (defined below) and dismissing the Action with prejudice; (b) determining whether the Settlement (defined below) should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (c) to rule upon an application by Class Counsel for an award of attorneys' fees and expenses.

7. "Final Order" means an order fully and finally approving the Settlement (defined below), substantially in the form attached hereto as Exhibit "A."

8. "Notice Date" means the date that settlement notice is initially published or mailed pursuant to the Notice Plan (defined below).

9. "Notice Plan" shall mean and refer to the plan for disseminating the notice of pendency and settlement of the Action to the Settlement Class set forth in Section 24 below.

10. "Preliminary Approval Order" means the Order Preliminarily Approving Amended Settlement and Notice Procedures, substantially in the form attached hereto as Exhibit "C."

11. "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and each Settlement Class Member's respective heirs, executors, administrators,

5

representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were brought or that could have been brought against the Released Parties, or any of them, (including, but not limited to, alleged violations of ERISA, violations of the Missouri Code of State Regulations, and/or breach of contract) that relate in any way to the imposition of copayment charges for prescription drugs or to the facts, conduct, omissions, transactions, occurrences, or matters that were alleged or could have been alleged in the Action.

12.    "Released Parties" means:

(a)    Coventry Health Care of Kansas, Inc. and each of its employees, successors, assigns, attorneys, agents, and administrators, as well as Coventry's past, present, and future officers, directors and stockholders;

(b)    All of Coventry Health Care of Kansas, Inc.'s parents, subsidiaries, affiliates, predecessors and successors, and each of their employees, successors, assigns, attorneys, agents and administrators, as well as their past, present, and future officers, directors and stockholders.

13.    "Releasing Parties" means Plaintiff and all Settlement Class Members and each of their predecessors, successors, assigns, heirs, or executors.

14.    "Settlement" means the settlement embodied in this Amended Stipulation of Settlement and Release.

15.    "Settlement Administrator" means the qualified third party selected by the parties and approved by the Court in the Preliminary Approval Order to administer some or all of the

6

Settlement. The parties agree to recommend that the Court appoint Dahl, Inc. as the Settlement Administrator.

16. "Settlement Class" means:

> All individuals enrolled in a Coventry Missouri HMO plan at any time between May 30, 1998 and October 31, 2010, upon whom a copayment amount for a single covered prescription drug was imposed which exceeded 50% of Coventry's total cost of purchasing that single prescription drug. The Settlement Class excludes (i) the Defendant and its officers, directors, shareholders, employees, and owners; (ii) the Court presiding over any motion to approve this Settlement Agreement; and (iii) those persons who timely and validly request exclusion from the Settlement Class.

17. "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion from or opt-out from the Settlement Class pursuant to the terms and conditions for exclusion set out in this Stipulation of Settlement and Release and the Notice.

**B.      Scope and Effect of Certification of Settlement Class And Release of Claims.**

18. For purposes of settlement only, the parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "C") granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order, and appointing Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class.

19. Coventry does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. If this Amended Stipulation of Settlement and Release is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Amended

7

Stipulation of Settlement and Release, and all preliminary and/or final findings regarding that settlement class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Amended Stipulation of Settlement and Release and such findings had never been made, and the Action shall return to the procedural status quo that existed in the Action prior to the submission of this Amended Stipulation of Settlement and Release to the Court. In addition, if the Effective Date for any reason does not occur, this Amended Stipulation of Settlement and Release shall automatically be terminated as though never entered into and no persons or entities shall have any rights or obligations hereunder, and any and all monies or other contributions paid into the Settlement Fund described below in Paragraph 26, plus all earnings (actual and accrued) thereon shall be returned to Coventry immediately.

20. In the event the terms or conditions of this Amended Stipulation of Settlement and Release are substantially modified by any court, both Coventry and/or Plaintiff reserve the right, to be exercised within fourteen (14) days after receipt of notice of such modification, to declare this Amended Stipulation of Settlement and Release null and void. For purposes of this paragraph, material modifications include, but are not limited to, any modifications to the definition of the Settlement Class, Settlement Class Members, Released Claims, Releasing Parties and Released Parties, changes to the Notice Plan described in Paragraph 24, and/or any modifications to the terms of the settlement consideration described in Section D.. A material modification does not include any decrease in the amount of costs or attorney's fees awarded to Class Counsel or to the amount of any stipend payment awarded to Plaintiff.

8

21.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.  Members of the Settlement Class who have opted out of the Settlement by the date set by the Court do not release their claims and will not be entitled to any benefits of the Settlement.  The Released Claims include, among other things, all known and unknown claims relating to the Action, and this Amended Stipulation of Settlement and Release is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.

22.     The Court shall retain jurisdiction over the parties to this Amended Stipulation of Settlement and Release with respect to future performance of the terms of this Amended Stipulation of Settlement and Release.  In the event that any application for relief is made, such application shall be made to the Court.

23.     Upon the Effective Date: (a) the Amended Stipulation of Settlement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members; and (b) the Settlement Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or any tribunal any and all Released Claims.

**C.      Submission of the Settlement to the Court For Review.**

24.     As soon as is practicable but no later than March 5, 2012, the parties shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached at Exhibit "C"), for the purpose of, among other things:

KCP-4204090-4

(a) Approving the Notice Plan;

(b) Finding that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiff as the representative of the Settlement Class, and Class Counsel as counsel for the Settlement Class, and preliminarily approving the Settlement as being within the range of reasonableness such that notice should be sent to Settlement Class Members;

(c) Scheduling the Fairness Hearing not earlier than one-hundred (100) days following the filing of this Amended Stipulation of Settlement and Release and not later than one-hundred fifty (150) days following the Notice Date:

(i) To determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members;

(ii) To determine whether the Final Order should be entered; and

(iii) To rule upon an application by Class Counsel for an award of attorneys' fees and for an incentive award to Plaintiff;

(d) Directing that notice of the Settlement and of the Fairness Hearing shall be given to the Settlement Class as follows:

(i) Coventry and/or the Settlement Administrator will provide notice to Settlement Class Members through a combination of (1) summary notice by publication ("Publication Notice") and postcards ("Postcard Notice") (together, "Summary Notice"), and (2) a Long Form Notice of Class Action Settlement ("Long Form Notice") substantially in the form

KCP-4204090-4

attached as Exhibit "B" hereto. The Long Form Notice will be circulated to Settlement Class Members in response to requests made by Settlement Class Members to a dedicated toll-free number identified in the Summary Notice, and will be posted on the settlement website described below. Costs of the Notice and Claims administration shall not be paid from the Settlement Fund (defined below).

(ii)     Coventry and/or the Settlement Administrator will provide Publication Notice to Settlement Class Members by publication in the Kansas City Star Newspaper, such notice to be approximately 1/8 of a page and substantially in the form attached as Exhibit "E". The Publication Notice will direct Settlement Class Members to the dedicated toll-free number and the settlement website.

(iii)     Coventry and/or the Settlement Administrator will send a Postcard Notice to the last known address of each Settlement Class Member, substantially in the form attached hereto as Exhibit "D." The Postcard Notice will direct Settlement Class Members to the dedicated toll-free number and the settlement website and will provide basic information about the Settlement as required by law.

(iv)     The settlement website will be designed and administered by the Settlement Administrator, and will contain the settlement documents (including, but not limited to, the Long Form Notice), a list of important dates, and any other information to which the parties may agree;

(e)     Providing that any objections by any Settlement Class Member to: (i) the certification of the Settlement Class and the proposed Settlement contained in this Amended

KCP-4204090-4

Stipulation of Settlement and Release; and/or (ii) the entry of the Final Order, shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Preliminary Approval Order and the Long Form Notice, such objector files with the Court a notice of the objector's intention to appear, submits documentary proof that the objector is a Settlement Class Member, states the basis for such objection, and serves copies of the foregoing and any other papers in support of such objections upon Defense Counsel and Class Counsel so that such papers are postmarked (or the equivalent for facsimile and e-mail) by the date specified in the Long Form Notice and the Preliminary Approval Order, and otherwise complies with the requirements set forth in this Amended Stipulation of Settlement and Release for objections;

(f)     Establishing dates by which the parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

(g)     Providing that all Settlement Class Members will be bound by the Final Order dismissing the Action with prejudice unless such members of the Settlement Class timely submit to the Settlement Administrator valid written requests for exclusion in accordance with this Amended Stipulation of Settlement and Release, Long Form Notice and the Preliminary Approval Order;

(h)     Providing that members of the Settlement Class wishing to exclude themselves from the Settlement will have until the date specified in the Long Form Notice and the Preliminary Approval Order to submit a valid written request for exclusion to the Settlement Administrator;

12

(i)     Providing a procedure for members of the Settlement Class to request exclusion or to opt out from the Settlement Class and the Settlement;

(j)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Amended Stipulation of Settlement and Release; and

(k)     Pending the Fairness Hearing, enjoining Plaintiff and all Settlement Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims.

25.     Following the entry of the Preliminary Approval Order, the Notice Plan shall be implemented in the manner directed and approved by the Court. The parties agree that the Notice Plan contemplated by this Amended Stipulation of Settlement and Release is valid and effective, that it provides reasonable notice to the Settlement Class and that it represents the best practicable notice under the circumstances.

**D.     The Settlement Consideration.**

26.     Subject to the conditions set forth below, within ten (10) days after the Effective Date, Coventry shall establish a Settlement Fund in the amount of $2,666,000 (the "Settlement Fund"). A Settlement Class Member will be eligible to receive a payment from the Settlement Fund if, on one or more occasions, he or she paid a copayment amount for a prescription drug which exceeded 50% of Coventry's total cost of purchasing that single prescription drug (an "Excess Copayment"), and the total amount of that Settlement Class Member's Excess

13

Copayment(s) was equal to or greater than $10.00. Payments will be made to each eligible Settlement Class Member as follows:

(a) Each eligible Settlement Class Member will receive a payment from the Settlement Fund which equals a pro rata share of the Excess Copayment(s) paid by her/him. Although there are no generalized records which show the copayment amounts that were paid by the Settlement Class Members, the copayment amounts listed in the pharmacy claims records produced by Coventry will be used, for settlement purposes only, as records which reflect the copayment amounts incurred by the Settlement Class Members.

(b) Each settlement check issued by the Settlement Administrator will contain the notation "void after 120 days." "Unclaimed Funds" refers to the funds allotted to settlement checks issued by the Settlement Administrator to eligible Settlement Class Members that are not cashed within 150 days of the date the last settlement check is issued. The Unclaimed Funds, if any, shall revert to Coventry.

27. No Class Member is entitled to receive any benefits under this Amended Stipulation of Settlement and Release prior to the Effective Date.

**E. Approval of Revisions to HMO Plan Language.**

28. The parties further agree that the Amended Settlement is contingent upon the Court having no objection to the proposed provision which provides for modification of plan language to clarify that copayment limitations do not apply to prescription drug benefits, and finding that such provision is not inconsistent with the Court's September 3, 2009 Order. Within sixty (60) days of the Effective Date, Coventry will apply to the Missouri Department of

14

Insurance, Financial Institutions and Professional Registration, and following approval, will promptly amend its Missouri HMO plans as follows:

(a)     In Section 2.10 of the EOC, entitled "Copayments and Coinsurance and Deductibles," the language which currently states that "the Copayment and Coinsurance for a single service will not exceed fifty percent (50%) of the Plan's allowed cost of providing a single Basic Health Service" will be revised to state that "the Copayment and Coinsurance for a single *Basic Health Service* will not exceed fifty percent (50%) of the Plan's allowed cost of providing a single Basic Health Service[.]" (Emphasis added.)

(b)     "Basic Health Services" is currently defined in Coventry's EOC as: "Services which a Member may reasonably require in order to be maintained in good health, including as a minimum, inpatient Hospital, Physician, outpatient services, and Emergency services that are Covered under this EOC. Benefits provided by Riders attached to this EOC are not considered Basic Health Services for the purpose of this definition." The definition of this term will be revised so that Basic Health Services will now be defined as: "Services which a Member may reasonably require in order to be maintained in good health, including as a minimum, inpatient Hospital, Physician, outpatient services, and Emergency services that are Covered under this EOC. Benefits provided by Riders attached to this EOC are not considered Basic Health Services for the purpose of this definition. *Prescription drug benefits are not considered Basic Health Services.*" (Emphasis added.)

29.     The parties have approved the suggested revisions to the HMO plan language expressly excluding prescription claims from the copayment limits.

15

KCP-4204090-4

30. The parties further agree that the Amended Stipulation of Settlement and Release is contingent upon the Court issuing a Final Order finding that the Amended Stipulation of Settlement and Release is fair, reasonable and in the best interests of Plaintiff and the Settlement Class Members, and is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Missouri law.

**F.     Attorneys' Fee-and-Expense Award & Class Representative Award.**

31. Class Counsel may submit an application to the Court for an award of attorneys' fees, costs, and expenses to be paidby Coventry. Coventry has agreed and does not oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees, costs and expenses, exclusive of claim administration fees, up to $500,000. Such attorney's fees, costs and expenses will not be paid from the Settlement Fund.

32. Class Counsel and Plaintiff will ask the Court for the payment of an incentive award to Plaintiff in the amount of $7,500. Coventry does not oppose this request by Class Counsel and Plaintiff for such incentive award. Class Counsel and Plaintiff will not seek in excess of $7,500 to Plaintiff for the incentive award payment.

33. Plaintiff and Class Counsel, and each of them, agree that upon its compliance with the terms and conditions of this Amended Stipulation of Settlement and Release, Coventry will forever and finally have satisfied all of its obligations to Plaintiff and/or Class Counsel, or any of them, concerning payment of attorneys' fees, costs and expenses in the Action, and will forever and finally be absolved, released and discharged of any liability whatsoever to Plaintiff and/or Class Counsel, or any of them, concerning attorneys' fees, costs and expenses in the

16

Action. It is further agreed that under no circumstances will Class Counsel, or any of them, sue

Coventry for, or because of, relating to, concerning, or as a result of any payment or allocation of

attorneys' fees and costs made in accordance with this Amended Stipulation of Settlement and

Release. Under no circumstances will Coventry be liable to Class Counsel, or any of them, for,

because of, relating to, concerning or as a result of any payment or allocation of attorneys' fees

made in accordance with this Amended Stipulation of Settlement and Release; and Class

Counsel, and each of them, release Coventry from any and all claims because of, relating to,

concerning, or as a result of any payment or allocation of attorneys' fees and costs made in

accordance with this Amended Stipulation and Settlement and Release.

34.     The attorneys' fees, costs, expenses and incentive award as awarded by the Court

shall be paid by wire to a financial institution of Class Counsel's choosing within thirty (30) days

after the Effective Date, subject to compliance with the terms of the Amended Stipulation of

Settlement and Release. As a condition to payment, Class Counsel shall provide Defense

Counselwith the appropriate account information for any such payment within five (5) days after

the Effective Date. Class Counsel shall have discretion to allocate the attorneys' fees amongst

Class Counsel and any other attorneys for Plaintiff as they may see fit subject to the applicable

rules of professional responsibility. Coventry shall have no liability or other responsibility for

allocation of any such attorneys' fees and costs awarded and, in the event that any dispute arises

relating to the allocation of attorneys' fees, Class Counsel agree to hold Coventry harmless from

any and all such liabilities, costs, and expenses of such dispute.

35.     The procedure for and the allowance or disallowance by the Court of any

application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel or

KCP-4204090-4

for any incentive award payment to be paid to Plaintiff are not part of the settlement of the Released Claims as set forth in this Amended Stipulation of Settlement and Release, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Amended Stipulation of Settlement and Release. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees or incentive award, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to any of them or reversal or modification of any of them, shall not operate to terminate or cancel this Amended Stipulation of Settlement and Release or otherwise affect or delay the finality of the Final Order or the Amended Settlement.

### G.    Administration of the Settlement.

36.    Within thirty (30) days after the entry of the Preliminary Approval Order, the parties will coordinate with the Settlement Administrator to provide notice to the Settlement Class as provided in this Amended Stipulation of Settlement and Release.

37.    Because the names, e-mail addresses, and other personal information about Settlement Class Members may be provided to the Settlement Administrator for purposes of administering the Amended Settlement, the Settlement Administrator will execute a non-disclosure agreement with Coventry and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this Amended Settlement. Any such information provided to the Settlement Administrator will not be provided to Plaintiff or Class Counsel; however, Class Counsel will

KCP-4204090-4

designate one attorney as its representative who may inspect such information upon his or her execution of, and subject to the terms of, the non-disclosure agreement.

38.     The reasonable costs, fees, and expenses of providing Notice to the Settlement Class in accordance with this Amended Stipulation of Settlement and Release and of administering the Settlement in accordance with the Amended Stipulation of Settlement and Release will be paid directly to the Settlement Administrator by Coventry. The Settlement Administrator's costs, fees and expenses have been capped at $150,000, and they will be paid by Coventry directly to the Settlement Administrator. Such payment(s) will not come from the Settlement Fund.

39.     The Settlement Administrator shall administer the Amended Settlement in accordance with the terms of this Amended Stipulation of Settlement and Release and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Amended Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Amended Stipulation of Settlement and Release or by court order;

(b)     Forward to Coventry all original documents and other materials received in connection with the administration of the Amended Settlement; and

(c)     Receive exclusion/opt out forms and other requests from members of the Settlement Class to exclude themselves from the Amended Settlement and provide to Class

19

Counsel and Defense Counsel a copy thereof within three (3) days of receipt. If the Settlement Administrator receives any exclusion forms or other requests from members of the Settlement Class to exclude themselves from the Amended Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

40. Any Settlement Class Member who does not seek exclusion from the Settlement Class will be bound together with all Settlement Class Members by all of the terms of this Amended Stipulation of Settlement and Release, including the terms of the Final Order to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Persons concerning the Released Claims.

41. No person shall have any claim against Coventry, Defense Counsel, Plaintiff, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Amended Stipulation of Settlement.

42. The Settlement Administrator shall, where applicable, distribute the benefits available to eligible Settlement Class Members under Paragraph 26 on a date that occurs only after the Effective Date. If the Amended Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Amended Stipulation of Settlement and Release.

KCP-4204090-4

43. All notification duties imposed by 28 U.S.C. § 1715, including the corresponding expenses, shall be borne by Coventry separately and in addition to any other obligation imposed herein.

44. Coventry and the Released Parties are not and will not be obligated to compute, estimate, or pay any taxes on behalf of Plaintiff, any Settlement Class Member, Class Counsel and/or the Settlement Administrator.

**H. Objections And Exclusions/Opt Outs By Settlement Class Members.**

45. Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Amended Settlement must send a written objection by fax, U.S. Mail, or e-mail to the Settlement Administrator and send by U.S. Mail or e-mail a copy to Class Counsel and Defense Counsel at the respective addresses set forth below postmarked (or the equivalent for facsimile or e-mail) no later than the date specified in the Preliminary Approval Order and Long Form Notice, and must also file any such objection with the Court by the deadline set forth in the Preliminary Approval Order and Long Form Notice. Settlement Class Members who object must set forth their full name, current address, and telephone number. Objections must be served:

    1. **Upon Class Counsel at:**

        Gerald McGonagle
        David J. Spencer
        McGonagle Spencer, P.C.
        1533 Locust Street
        Kansas City, MO 64106
        E-mail: gmcgonagle@mcgonaglespencer.com
                 dave@mcgonaglespencer.com

KCP-4204090-4

**2.** **Upon Coventry at:**

Thomas Dee
Michael Hargens
Husch Blackwell LLP
4801 Main St, Suite 1000
Kansas City, MO 64112
E-mail: tom.dee@huschblackwell.com
    michael.hargens@huschblackwell.com

**3.** **Upon the Settlement Administrator at:**

Holling-Fry Coventry Settlement Administrator
P.O. Box xxxx
INSERT xxxxx-xxxx
(877) xxx-xxxx
E-mail: info@CoventryMissouriSettlement.com
Facsimile: (877) – xxx-xxxx

46.     Objecting class members must state in writing all objections and the reasons for

each objection, and state whether the objecting class member intends to appear at the Fairness

Hearing either with or without separate counsel. No member of the Settlement Class shall be

entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or

to object to the Amended Settlement, and no written objections or briefs submitted by any

member of the Settlement Class shall be received or considered by the Court at the Fairness

Hearing, unless written notice of the objecting class member's intention to appear at the Fairness

Hearing and copies of any written objections and/or briefs shall have been filed with the Court

and served on Class Counsel and Defense Counsel on or before the date specified in the

Preliminary Approval Order and Long Form Notice. Members of the Settlement Class who fail

to file and serve timely written objections in the manner specified above shall be deemed to have

waived all objections and shall be foreclosed from making any objection (whether by appeal or

otherwise) to the Amended Settlement.

22

47. Members of the Settlement Class may elect to opt out of the Amended Settlement, relinquishing their rights to benefits hereunder. Members of the Settlement Class who opt out of the Amended Settlement will not release their claims pursuant to this Amended Stipulation of Settlement. Members of the Settlement Class wishing to opt out of the Amended Settlement must send to the Settlement Administrator a letter including their name, address, and telephone number and providing a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Amended Settlement. Any request for exclusion or opt out must be postmarked (or the equivalent for facsimile or e-mail) on or before the opt out deadline provided in the Court's Preliminary Approval Order and Long Form Notice. Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order and Long Form Notice shall be bound by all terms of this Amended Stipulation of Settlement and Release and the Final Order, regardless of whether they have requested exclusion from the Amended Settlement.

48. Any member of the Settlement Class who submits a timely request for exclusion or opt out may not file an objection to the Amended Settlement and shall be deemed to have waived any rights or benefits under this Amended Stipulation of Settlement and Release.

49. Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests. Notwithstanding any other provision of this Amended Stipulation of Settlement, if more than ten percent (10%) of the Settlement Class, or members of the Settlement Class holding more than ten

23

percent (10%) of the total Excess Copayments, opts out of the Amended Settlement, Coventry, in its sole discretion, may rescind and revoke the entire Amended Settlement and this Amended Stipulation of Settlement and Release, thereby rendering the Amended Settlement null and void in its entirety, by sending written notice that Coventry revokes the Amended Settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Settlement Administrator informs Coventry of the number of members of the Settlement Class who have requested to opt out of the Amended Settlement pursuant to the provisions set forth above.

50.    On the date set forth in the Preliminary Approval Order and the Long Form Notice, a Fairness Hearing shall be conducted to determine final approval of the Amended Settlement. Upon final approval of the Amended Settlement by the Court at or after the Fairness Hearing, the parties shall present the Final Order, substantially in the form attached to this Amended Stipulation of Settlement and Release as Exhibit "A," to the Court for approval and entry.

### I.    Best Efforts.

51.    The parties shall take all necessary actions to accomplish the approval of the Amended Settlement, the execution of the Notice Plan and the dismissal of the Action. The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Amended Settlement, including without limitation in seeking preliminary and final Court approval of the Amended Stipulation of Settlement and Release and the Amended Settlement embodied herein, carrying out the terms of this Amended Stipulation of Settlement

24

and Release, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Amended Settlement.

52. The parties and their counsel understand and agree that the administration of a class action lawsuit can be complex and that, from time to time after the entry of the Final Order, unique, non-material issues with respect to individual Settlement Class Members may arise that are not directly covered by the terms of this Amended Stipulation of Settlement and Release. In the event any such issues arise, the parties and their counsel agree to cooperate fully with one another and to use best efforts to come to agreement, which agreement shall not be unreasonably withheld.

53. Each party will cooperate with the other party in connection with effectuating the Amended Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Amended Settlement to the Court, and to carry out its terms.

**J.     Settlement Not Evidence Against Parties.**

54. The provisions contained in this Amended Stipulation of Settlement and Release are not and shall not be deemed a presumption, concession or admission by Coventry of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative. In particular, Coventry does not admit that it or any of the Released Persons has engaged in any illegal or wrongful activity, that any person has sustained any damage by reason of any of the facts and/or matters complained of in the

25

Action, or that this action was properly certified as a class action. Coventry does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. Notwithstanding any other provision in this Amended Stipulation of Settlement and Release, nothing in this Amended Stipulation of Settlement shall be interpreted to preclude Coventry from offering this Amended Stipulation of Settlement and Release in any action or proceeding that seeks to prosecute or continue with a Released Claim.

### K.    Miscellaneous Provisions.

55.    All proceedings with respect to the administration, processing and determination of payments to eligible Settlement Class Members described in this Amended Stipulation of Settlement and Release, and the determination of all controversies relating thereto, shall be subject to the continuing jurisdiction of the Court.

56.    The parties agree that the recitals in this Amended Stipulation of Settlement and Release are contractual in nature and form a material part of this Amended Stipulation of Settlement and Release, and, therefore, are incorporated into this agreement.

57.    This Amended Stipulation of Settlement and Release and its accompanying exhibits set forth the entire understanding of the parties. No change or termination of this Amended Stipulation of Settlement and Release shall be effective unless in writing and signed by Defense Counsel and Class Counsel; provided, however, that if this Amended Stipulation of Settlement and Release terminates automatically pursuant to its terms, no such writing or signature is required. Any and all previous agreements and understandings between or among the parties regarding the subject matter of this Amended Stipulation of Settlement and Release, whether written or oral, are superseded by this Amended Stipulation of Settlement and Release.

26

KCP-4204090-4

58.     This Amended Stipulation of Settlement and Release and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of Missouri, without regard to conflict of laws principles.

59.     All of the parties warrant and represent that they have read and understand and are agreeing to the terms of this Amended Stipulation of Settlement and Release based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Amended Stipulation of Settlement and Release with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

60.     This Amended Stipulation of Settlement and Release shall be construed as though it was jointly drafted by all of the parties, and any rule of construction to the effect that ambiguities are resolved against the drafting party shall not apply to the interpretation of this document.

61.     The waiver by any party of a breach of any term of this Amended Stipulation of Settlement and Release shall not operate or be construed as a waiver of any subsequent breach by any party. The failure of a party to insist upon strict adherence to any provision of the Amended Stipulation of Settlement and Release shall not constitute a waiver or thereafter deprive such party of the right to insist upon strict adherence.

62.     The headings in this Amended Stipulation of Settlement and Release are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

KCP-4204090-4

63. If any term or provision of this Amended Stipulation of Settlement and Release is adjudicated to be invalid, unenforceable or void, then such term or provision shall be deemed severable from this Amended Stipulation of Settlement and Release. In the event any term or provision is severed from this Amended Stipulation of Settlement and Release as the result of an adjudication by a court, the remaining terms and conditions of the Amended Stipulation of Settlement and Release shall continue to be given full force and effect.

64. This Amended Stipulation of Settlement and Release may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. Facsimile or electronic mail signatures are valid as original signatures. The date of execution shall be the latest date on which any party signs the Amended Stipulation of Settlement and Release.

65. Plaintiff, Class Counsel, Defense Counsel and Coventry agree that they will not issue any press release or make other public statements regarding the Amended Settlement or the Action without prior approval of all parties, except as may be required by law. If the parties are ever asked by a third party (excluding their counsel or tax advisors to the extent required for the rendering of professional services or as required by any governmental agency or to comply with a lawfully issued subpoena or court order) about the resolution of this matter, they may only say, in words or substance, that the Action "has been resolved" or "is over." Nothing in this paragraph shall limit Class Counsel's ability to respond to inquiries about the Amended Settlement from members of the Settlement Class.

66. The parties believe that this Amended Stipulation of Settlement and Release is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Amended

28

Settlement through arms' length negotiations, taking into account all relevant factors, present and potential.

67.     The parties agree that this Amended Stipulation of Settlement and Release shall be null and void should the Court enter a Final Judgment in this case prior to granting approval of the Amended Stipulation of Settlement and Release.

KCP-4204090-4

IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement and Release as of the date set forth below.

Coventry Health Care of Kansas, Inc.

Dated: _____

By: _____

Its: _SECRETARY_____

Dated: 3-6-2012

_____
Husch Blackwell LLP

Attorneys for Coventry Health Care of Kansas, Inc.

Dated: _____

_____
Joy Holling-Fry

Plaintiff

Dated: _____

_____
McGonagle Spencer, P.C.

For Plaintiff

Dated: _____

_____
The Law Offices of Ralph Phalen

For Plaintiff

30

KCP-4204090-4

IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement and Release as of the date set forth below.

Coventry Health Care of Kansas, Inc.

Dated: _____        By: _____

Its: _____

Dated: _____        _____
Husch Blackwell LLP

Attorneys for Coventry Health Care of Kansas, Inc.

Dated: 3-6-12        _____
Joy Holling-Fry

Plaintiff

Dated: 3-6-12        _____
McGonagle Spencer, P.C.

For Plaintiff

Dated: 3-6-12        _____
The Law Offices of Ralph Phalen

For Plaintiff

30

KCP-4204090-4