IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOY HOLLING-FRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 07-0092-CV-W-DGK |
| ) | |
| COVENTRY HEALTH CARE OF KANSAS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING FINAL APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

WHEREAS, by order dated June 6, 2012, this Court granted preliminary approval to the proposed class action settlement between the parties in the above-captioned case: *Holling-Fry v. Coventry Healthcare of Kansas, Inc.*, Case No. 07-0092-CV-W-DGK (hereinafter "*Holling-Fry*" or the "Action").

WHEREAS, the Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on October 10, 2012. On that date, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Amended Stipulation of Settlement and Release are fair, reasonable and adequate; (2) whether an order should be entered dismissing the named Plaintiff's complaint against Defendant Coventry Health Care of Kansas, Inc. ("Coventry"); (3) whether and in what amount to award attorneys' fees and expenses to counsel for the Settlement Class; (4) whether and in what amount to award an incentive payment to the named Plaintiff Joy Holling-Fry.

1

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the Amended Settlement was the result of extensive and intensive arm's-length negotiations between the parties occurring over a period of several months. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of written discovery, document productions, depositions and independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the Amended Settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against Coventry, as well as the release of Coventry and the Released Parties, the significant relief provided to the Settlement Class Members – in the form of Coventry's agreement to reimburse eligible Settlement Class Members who paid a copayment for a prescription drug that exceeded 50% of the total cost of the drug, as further described in the Amended Stipulation of Settlement and Release, as well as Coventry's agreement to revise certain language in its Missouri HMO plans pursuant to the terms of the Amended Stipulation of Settlement and Release – and the award of attorneys' fees and expenses requested, are fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Amended Stipulation of Settlement and Release, including any attachments thereto, is expressly incorporated by reference into this Final Order and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order shall have the meanings set forth in the Amended Stipulation of Settlement and Release.

2. The Court has personal jurisdiction over the parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's complaints in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for purposes of settlement: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced counsel to represent her and the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of: All individuals enrolled in a Coventry Missouri HMO plan at any time between May 30, 1998 and October 31, 2010, upon whom a copayment amount for a single covered prescription drug was imposed which exceeded 50% of Coventry's total cost of purchasing that single prescription drug (the "Settlement Class"). As defined in the Amended Stipulation of Settlement and Release,

"Settlement Class Member(s)" means any member of the Settlement Class who has not elected exclusion or opted out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Amended Stipulation of Settlement and Release and the Long Form Notice. Excluded from the Settlement Class are the Court and its immediate family and staff as well as any persons who timely and validly requested exclusion from the Settlement Class.

5. The Court appoints the law firms of McGonagle Spencer, P.C. and The Law Offices of Ralph K. Phalen as counsel for the Class ("Class Counsel"). The Court designates named Plaintiff Joy Holling-Fry as the Class Representative. The Court finds that the Class Representative and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Amended Stipulation of Settlement and Release and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the Summary Notice and Long Form Notice provided in accordance with the terms of the Amended Stipulation of Settlement and Release and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

    (a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed Amended Settlement, (iii) their right to object to any aspect of the proposed Amended Settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed Amended Settlement, the adequacy of the Settlement Class' representation by Plaintiff or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired

4

at their own expense), and (v) the binding effect of the orders and Final Order in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

       (c)      constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

       (d)      fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. The Court finds that Coventry provided notice of the proposed Amended Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90)-day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed Amended Settlement before entering its Final Order and no such objections or comments were received.

8. The terms and provisions of the Amended Stipulation of Settlement and Release, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Missouri law. The Court finds that the Amended Stipulation of Settlement and Release is fair, adequate and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this Amended Settlement, and it was reached after good-faith, arm's-length negotiations, warranting a presumption in favor of approval.

(b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success and the proposed settlement. In addition, the parties negotiated the benefits to the class *before* discussing Plaintiff's claim to attorneys' fees.

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and Plaintiff, who has participated in this litigation and evaluated the proposed Amended Settlement, also favors final approval.

(d) The Amended Settlement provides meaningful relief to the Settlement Class, including, as further described herein, monetary relief to eligible Settlement Class Members and Coventry's agreement to revise certain language in its Missouri HMO plans in accordance with the Amended Stipulation of Settlement and Release, and certainly falls within the range of possible recoveries by the Settlement Class.

The parties are directed to consummate the Amended Stipulation of Settlement and Release in accordance with its terms and conditions. The Court hereby declares that the Amended Stipulation of Settlement and Release is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9. As described in the Amended Stipulation of Settlement and Release, Coventry has agreed to provide the following consideration:

(a) Subject to the conditions set forth in the Amended Stipulation of Settlement and Release, Coventry shall establish a Settlement Fund in the amount of $2,666,000 (the "Settlement Fund"). A Settlement Class Member will be eligible to receive a payment from the Settlement Fund if, on one or more occasions, she paid a copayment amount for a prescription drug which exceeded 50% of Coventry's total cost of purchasing that single prescription drug (an "Excess Copayment"), and the total amount of that Settlement Class Member's Excess Copayment(s) was equal to or greater than $10.00. Payments will be made to each eligible Settlement Class Member as follows:

(i) Each eligible Settlement Class Member will receive a payment from the Settlement Fund which equals a pro rata share of the Excess Copayment(s) paid by her. Although there are no generalized records which show the copayment amounts that were paid by the Settlement Class Members, the copayment amounts listed in the pharmacy claims records produced by Coventry will be used, for settlement distribution purposes only, as records which reflect the copayment amounts incurred by the Settlement Class Members.

(ii) Each settlement check issued by the Settlement Administrator will contain the notation "void after 120 days." "Unclaimed Funds" refers to the funds allotted to settlement checks issued by the Settlement Administrator to eligible Settlement Class Members that are not cashed within 150 days of the date the last settlement check is issued. The Unclaimed Funds, if any, shall revert to Coventry.

(iii) No Class Member is entitled to receive any benefits under this Amended Stipulation of Settlement and Release prior to the Effective Date.

7

(b) Within sixty (60) days after the Effective Date, Coventry agrees to apply to the Missouri Department of Insurance, Financial Institutions and Professional Registration to revise certain language in its Missouri HMO plans in accordance with the terms of the Amended Stipulation of Settlement and Release. The Court has no objection to the proposed provision which provides for modification of Coventry HMO plan language to clarify that copayment limitations do not apply to prescription drug benefits, and finds that such provision is not inconsistent with the Court's September 3, 2009 Order and applicable law.

10. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $500,000.00 and an incentive award of $7,500.00 to Plaintiff as class representative. The attorneys' fees and expenses and the class representative incentive award shall be paid in the manner described in the Amended Stipulation of Settlement and Release. Such payment will be in lieu of statutory fees Plaintiff and/or her attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. In the event that any dispute arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiff, Class Counsel will hold Coventry harmless from any and all such liabilities, costs, and expenses of such dispute.

11. This Action is hereby dismissed with prejudice and without costs as against Coventry and the Released Parties.

12. Upon the Effective Date, the Releasing Parties (as that term is defined in the Amended Stipulation of Settlement and Release) shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims, that were brought or that could have

been brought as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and each Settlement Class Member's respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that relate in any way to the imposition of copayment charges for prescription drugs that exceed 50% of the total cost of the prescription drug, or to the facts, conduct, omissions, transactions, occurrences, or matters that were alleged or could have been alleged in the Action (including, but not limited to, alleged violations of ERISA, violations of the Missouri Code of State Regulations, and/or breach of contract). The Released Claims include all known and unknown claims relating to the Action, and the Amended Stipulation of Settlement and Release is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.

13. Members of the Settlement Class who have opted out of the Amended Settlement by the date set by the Court do not release their claims and will not be entitled to any benefits of the Amended Settlement.

14. The Court orders that, upon the Effective Date, the Amended Stipulation of Settlement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiff, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with Plaintiff or such Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiff or Settlement Class Members, seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims.

15. Neither the Amended Stipulation of Settlement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a) offered by any person or received against Coventry as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Coventry of the truth of the facts alleged by the Plaintiff or any Settlement Class Member, or that the Action was properly certified as a class action, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Coventry;

(b) offered by any person or received against Coventry as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Coventry or any other wrongdoing by Coventry;

(c) offered by any person or received against Coventry as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Amended Stipulation of Settlement and Release (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Amended Settlement (or any agreement or order relating thereto) or the Final Order, or in

which the reasonableness, fairness, or good faith of the parties in participating in the Amended Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Amended Settlement, the Final Order, or the release as to Coventry, Plaintiff, or the Settlement Class Members; or

(d) offered by any person or received against Plaintiff as evidence or construed as or deemed to be evidence that any of her claims in the Action lack merit.

16. Notwithstanding the foregoing, Coventry may file the Amended Stipulation of Settlement and Release, this Final Order, and/or any of the documents or statements referred to therein in support of any defense or claim that the Amended Settlement is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and/or any other Settlement Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

17. The Court has jurisdiction to enter this Final Order. Without in any way affecting the finality of this Final Order, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Amended Stipulation of Settlement and Release and of this Final Order, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Amended Stipulation of Settlement and Release and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Amended Stipulation of Settlement and Release, and/or this Final Order (including, without limitation whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order; and whether persons or entities are enjoined from pursuing any claims against Coventry);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and the Amended Stipulation of Settlement and Release (including, without limitation, orders enjoining persons or entities from pursuing any claims against Coventry), or to ensure the fair and orderly administration of the Amended Settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Amended Stipulation of Settlement and Release, the settling parties, and the Settlement Class Members.

18. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Amended Stipulation of Settlement and Release.

19. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and this Final Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this 12th day of October, 2012.

    /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT